UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ASHLEY MAULER,

                                   Plaintiff,

      -against-                                                          1:20-CV-0255 (LEK)

EAGLE EXPRESSWAYS INC.;
PHILLIP TYRON JOHNSON

                                   Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

On March 6, 2020, plaintiff Ashley Mauler ("Mauler") commenced this action alleging that a tractor trailer owned by Defendant Eagle Expressways Inc. ("Eagle Expressways") and operated by Defendant Phillip Tyron Johnson ("Johnson") collided with Plaintiff's vehicle. Dkt. No. 1 ("Complaint"). On March 17, 2020, Plaintiff filed an amended complaint. Dkt. No. 6 ("Amended Complaint"). Summons were served upon both Defendants, Dkt. Nos. 8, 9, but neither Defendant has appeared, see Docket. On August 7, 2020, Plaintiff filed a request for entry of default. Dkt. No. 16. The Clerk entered default on August 10, 2020. Dkt. No. 19. Presently before the Court is Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b). Dkt. No. 32 ("Motion"). For the following reasons, the Motion is granted in part and the matter is referred to Magistrate Judge Hummel for an inquest on damages.

**II.    BACKGROUND**

As alleged in Plaintiff's Complaint, Johnson drove a 2015 Freightliner, owned by Eagle Expressways, in such a manner that it collided with the rear of Plaintiff's 2008 Kia motor vehicle near milepost 15 E/B on Interstate 90 in the Town of Chatham, Columbia County, New York.

Am. Compl. at 2–3. At the scene of the collision, Johnson was issued a traffic ticket for "following too closely," in violation of New York State Vehicle and Traffic Law section 1129(a). Id. at 3. Plaintiff further alleges that she sustained serious injury as a result of the crash, in addition to economic damages in excess of fifty thousand dollars. See id. at 3–4.

### III.  LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." Elec. Creations Corp. v. Gigahertz, Inc., No. 12-CV-1423, 2013 WL 3229125, at *3 (N.D.N.Y. June 25, 2013) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default." Id. Second, under Federal Rule of Civil Procedure 55(b)(2), "the party seeking default judgment is required to present its application for entry of judgment to the court." Id.

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974); accord Bravado Int'l, 655 F. Supp. 2d at 189. "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Robertson, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189. "While the court must ensure that there is a basis for the damages

2

specified in a default judgment, it may, but need not, make the determination through a hearing." United States v. Carpineta, No. 14-CV-0517, 2015 WL 500815, at *1 (N.D.N.Y. Feb. 5, 2015) (Kahn, J.) (quoting Bravado Int'l, 655 F. Supp. 2d at 190).

Under Local Rule 55.2(b), the moving party must submit with its motion for default judgment: (1) "a clerk's certificate of entry of default," (2) "a proposed form of default judgment," (3) "a copy of the pleading to which no response has been made," and (4) an affidavit. L.R. 55.2(b). The affidavit must set forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought has defaulted in appearance in the action; (3) service was properly effected under Federal Rule of Civil Procedure 4; (4) the amount sought is justly due and owing, and no part has been paid; and (5) "the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred." L.R. 55.2(a).

## IV.     DISCUSSION

Upon review of Plaintiff's Motion, Plaintiff has complied with all applicable rules. As such, the Court assess Plaintiff's entitlement to relief.

### A.  Liability

To establish negligence under New York law, a plaintiff must show "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." Soto v. United States, No. 16-CV-6509, 2019 WL 3712189, at *5 (S.D.N.Y. Aug. 7, 2019) (quoting Caronia v. Philip Morris USA, Inc., 715 F.3d 417, 428 (2d Cir. 2013)).

While the allegations in Plaintiff's Amended Complaint are quite spare, she has sufficiently alleged each element of negligence as against Johnson. First, Johnson owed Plaintiff a duty under New York law because "a motorist owes a duty of care to other motorists while

3

driving." Akhalia v. Guardia, No. 11-CV-531, 2013 WL 2395974, at *5 (E.D.N.Y. May 31, 2013). Second, Plaintiff has sufficiently established a breach of this duty by alleging that the truck driven by Johnson collided with the rear of Plaintiff's vehicle and that Johnson was issued a traffic ticket for following too closely. See id. ("[A] driver's failure to comply with vehicle and traffic laws constitutes negligence as a matter of law, . . . and a rear-end collision creates a presumption of liability against the operator of the rear vehicle and imposes a duty of explanation on the operator of that vehicle."); see also Ventarola v. Narvaez, No. 718-CV-3231, 2021 WL 1536540, at *6 (S.D.N.Y. Feb. 16, 2021) (finding allegation of rear-end collision sufficient to establish breach of duty), report and recommendation adopted, 2021 WL 839454 (S.D.N.Y. Mar. 5, 2021). Finally, Plaintiff has sufficiently alleged that she sustained injury from the crash. See Am. Compl. at 3–4 (noting that Defendants' vehicle collided with Plaintiff's vehicle, causing Plaintiff both physical injury and economic losses); see also Dkt. No. 32-2 at 3–4 (noting that Plaintiff's vehicle sustained extensive damage and that Plaintiff "presented to the Beth Israel Deaconess Medical Center Emergency Department on March 13, 2017, with complaints of lateral neck pain and headache").

      Plaintiff has also established liability against Eagle Expressways. Under New York Law:

> Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.

N.Y. Veh. & Traf. Law § 388 (McKinney)[1]; see also Brill v. Queens Lumber Co., No. 10-CV-1975, 2013 WL 1290948, at *4 (E.D.N.Y. Mar. 27, 2013) (applying § 388). Here, Plaintiff has

---

[1] The Court notes that New York law regarding vicarious liability for the owners of certain rented and leased vehicles has been preempted by the 2005 Graves Amendment to the

4

alleged that Johnson was operating a vehicle owned by Eagle Expressways and with the company's consent. This is sufficient to establish vicarious liability.

### B. Damages

"'New York's "no-fault" insurance laws place limits on any recovery by a person involved in an automobile accident,' providing recovery only for (a) economic losses beyond the 'basic economic loss' threshold and (b) non-economic losses arising from 'serious injury.'" Comba v. United States, 535 F. Supp. 3d 97, 106 (E.D.N.Y. 2021) (quoting Avlonitis v. United States, No. 16-CV-2521, 2020 WL 1227164, at *5 (E.D.N.Y. Mar. 13, 2020) and then quoting N.Y. Ins. Law § 5104(a)). A plaintiff's complaint need not establish these elements in order to demonstrate liability. See Ventarola, 2021 WL 1536540, at *6 ("The conclusory nature of [Plaintiff's] pleading on this point is not fatal, however, because serious injury is not an element of liability.") (internal quotation marks omitted). Rather, at the damages phase, a Plaintiff must demonstrate economic losses beyond the "basic economic loss" threshold or demonstrate "serious injury" in order to recover damages. See Comba, 535 F. Supp. 3d at 106–07 (describing the requirements of § 5104(a) as "quintessentially an issue of damages, not liability"). Thus, while Plaintiff's Amended Complaint provides only conclusory allegations that she suffered economic losses beyond the "basic economic loss" threshold and sustained "serious injury," Am. Compl. at 3–4, Plaintiff may demonstrate that her injuries meet these thresholds upon her motion for default judgment. See Ventarola, 2021 WL 1536540, at *6.

---

Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users ("SAFETEA"), see Green v. Toyota Motor CreditCorp, 605 F. Supp. 2d 430, 433–34 (E.D.N.Y. 2009); Stratton v. Wallace, No. 11-CV-74-A, 2014 WL 3809479, at *3 (W.D.N.Y. Aug. 1, 2014), however, such preemption is inapplicable to the facts of this case.

Turning then to Plaintiff's Motion, Plaintiff's Counsel notes that "a determination of the amount of damages to the plaintiff for the entry of default judgement against defendants cannot be made with sum certainty," and defers to the "Court's determination as to the procedure by which the Court will hear or receive evidence in support of plaintiff's claim for damages." Dkt. No. 30-1 at 4–5. Plaintiff's Counsel further notes that "pursuant to FRCP 55(b)(2), 'the Court may conduct hearings or make referrals . . . when, to enter or effectuate judgement,' it needs to determine the amount of damages." Id. (quoting Fed. R. Civ. P. 55(b)(2)).

Plaintiff has provided medical records, an accident report, and a photo of her damaged vehicle as exhibits to her Motion. See Dkt. Nos. 32-3, 32-4, 32-5, 32-6, 32-7, 32-10, 32-11. However, "[u]nless damages are certain, they must be proven in a post-default inquest where the defendant has an opportunity to contest the plaintiff's claims." Stokes v. ALC Of New York LLC, No. 12-CV-7379, 2014 WL 11485261, at *4 (S.D.N.Y. June 19, 2014) (quoting Norcia v. Dieber's Castle Tavern, Ltd., No. 10-CV-4959, 2013 WL 5807332, at *5 (S.D.N.Y. Oct. 29, 2013)). Here, the "evidence does not render the extent of plaintiff's damages certain." Id. at 5 (holding "a medical report and photographs" insufficient to render damages certain and noting that personal injury awards are particularly likely to require an inquest hearing). As such, the matter is referred to Magistrate Judge Hummel for an inquest to determine damages, including whether Plaintiff is barred from recovering damages under N.Y. Ins. Law § 5104(a). See, e.g., Sung-Ho Hwang v. Grace Rd. Church, No. 14-CV-7187, 2017 WL 10398718, at *7 (E.D.N.Y. Sept. 19, 2017) (referring plaintiff to magistrate for inquest on default judgment damages); Labarbera v. Golden Vale Const. Corp., No. 06-CV-813, 2006 WL 1455457, at *1 (E.D.N.Y. May 25, 2006) (same); Leviton Mfg. Co. v. Fastmac Performance Upgrades, Inc., No. 13-CV-1629, 2013 WL 12334706, at *2 (S.D.N.Y. Aug. 20, 2013) (same).

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for Default Judgment (Dkt. No. 32) is **GRANTED** as to liability; and it is further

**ORDERED**, that the matter is referred to Magistrate Judge Hummel for an inquest on damages; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   April 13, 2021
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge