UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

ASHLEY MAULER,

                       Plaintiff,

   -against-                                  1:20-CV-255 (LEK/CFH)

EAGLE EXPRESSWAYS INC.;
PHILLIP TYRON JOHNSON

                       Defendants.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Ashley Mauler commenced this action on March 6, 2020, alleging that a tractor trailer—owned by Eagle Expressways Inc. and operated by Phillip Tyron Johnson—collided with Plaintiff's vehicle. Dkt. No. 1. On April 13, 2022, this Court granted Plaintiff's motion for a default judgment against Defendants and referred the matter to the Honorable Christian F. Hummel, United States Magistrate Judge, to conduct a damages inquiry. Dkt. No. 38 ("2022 MDO"). Judge Hummel conducted this hearing on September 21, 2023. <u>See</u> Dkt. No. 54-1 ("Hearing Transcript"). On November 1, 2023, Judge Hummel issued a written report and recommendation, recommending that Plaintiff be awarded total damages of $250,000.00 for both past and future pain and suffering. Dkt. No. 54 ("Report and Recommendation").

No party has filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

**II.    BACKGROUND**

Plaintiff's factual allegations are described in this Court's previous order, 2022 MDO at 1–2, and Judge Hummel's September 21, 2023, hearing, Hr'g Tr. 3:10–6:23.

1

On May 2, 2023, Judge Hummel conducted a damages hearing. See R. & R. at 2. Plaintiff called Dr. Ralph Carotenuto ("Dr. Carotenuto") at the hearing, who reviewed Plaintiff's medical records and history. Hr'g Tr. 6:24–7:2. Judge Hummel "found Dr. Carotenuto to be a credible and well qualified witness," as "Dr. Carotenuto is a board certified psychiatrist licensed to practice in New York State." Id. 7:2–5. Judge Hummel also noted that Dr. Carotenuto "has extensive experience treating individuals experiencing PTSD [Post Traumatic Stress Disorder], particularly during his work at a Veterans Administration hospital." Id. 7:7–9.

Dr. Carotenuto concluded, after an extensive review of Plaintiff's medical history, that "[P]laintiff meets the criteria for PTSD under the DSM-V, the fifth Diagnostic and Statistics Manual of the American Psychiatric Association." Id. 8:3–5. Judge Hummel extensively explained in his November 1, 2023, hearing how Dr. Carotenuto determined that Plaintiff met each of the PTSD criteria. Id. 8:9–10:22. In summarizing Dr. Carotenuto's conclusion, Judge Hummel stated "that [P]laintiff's symptoms of anxiety, flashbacks, difficulty concentrating, memory impairments, inability to carry out daily functions including driving and socializing with friends, all support . . . [the] diagnosis that plaintiff is suffering from PTSD as a direct consequence of the March 10, 2017, accident." Id. 10:24–11:4. Dr. Carotenuto noted additional medical consequences of the driving accident as well, including "severe driving phobia"; "an inability to focus or concentrate, poor memory impairment, and increased depression"; an ADHD diagnosis; and "significant limitation of use of a body function," including Plaintiff's "inability to sit still, her difficulty in studying and concentration, and her anxiety related to driving." Id. 11:15–25. Finally, Dr. Carotenuto noted that Plaintiff's PTSD symptoms "will reoccur in the future;" that Plaintiff's PTSD prevented her from "from performing substantially all of the material acts which constituted her usual and daily customary activities for not less than

90 days during the 180 days following the motor vehicle accident;" and that Plaintiff was found to have a "a marked impairment" by her doctor in June of 2018. Id. 12:1–20.

After hearing Dr. Carotenuto's testimony, Judge Hummel "agree[d] with Dr. Carotenuto's testimony that [P]laintiff has sustained a serious injury as defined by New York Insurance Law Section 5102(d) on each of the grounds testified to by Dr. Carotenuto." Id. 12:24–13:2. Thus, Judge Hummel concluded that "[P]laintiff has experienced significant emotional distress which continues at present and will continue into the future," and "that these symptoms significantly affect [P]laintiff on a daily basis." Id. 14:1–6. As a result, Judge Hummel recommended awarding Plaintiff "the sum of $200,000.00 for past pain and suffering and $50,000.00 for future pain and suffering." R. & R. at 2.

### III. LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of the court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1. However, if no objections are made, a district court need only review a report and recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. See Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y.

3

2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." (internal quotation marks omitted)). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### IV. DISCUSSION

No party objected to the Report and Recommendation "[w]ithin fourteen days after being served with a copy" of it. 28 U.S.C. § 636(b)(1)(C). Accordingly, the Court reviews the Report and Recommendation for clear error. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation (Dkt. No. 9) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff is awarded damages of $200,000.00 for past pain and suffering and $50,000.00 for future pain and suffering; and it is further

**ORDERED,** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   November 29, 2023
         Albany, New York

LAWRENCE E. KAHN
United States District Judge